UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

LAURIN BORDELON,

    **Plaintiff,**　　　　　　　　　　　Case No.:

v.

**ADVENTIST HEALTH SYSTEM/
SUNBELT, INC.**, a Florida Not
For Profit Corporation,

    **Defendant.**
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff LAURIN BORDELON (hereinafter "Plaintiff"), by and through the undersigned counsel, hereby files this Complaint against Defendant ADVENTIST HEALTH SYSTEM/SUNBELT, INC. (hereinafter "Defendant"), and in support of states as follows:

## NATURE OF CASE

This is a claim by Plaintiff, against her former employer for damages and all available relief under the Pregnancy Discrimination Act of 1978 ("PDA"), which amended Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, et. seq., 42 U.S.C. §1981 and an action to remedy interference and retaliation under the Family and Medical Leave Act of 1993 ("FMLA") 29 U.S.C. § 2601, et seq., and the Florida Civil Rights Act ("FCRA"). As a result, and for the

violation of Plaintiff's rights to be free from pregnancy discrimination, Plaintiff is seeking damages including back pay, front pay, compensatory damages, liquidated damages, punitive damages (if permitted to be pled), attorneys' fees and costs, and any other relief to which the Plaintiff is entitled including but not limited to equitable relief.

## JURISDICTION & VENUE

1. Jurisdiction of this matter arises pursuant to 28 U.S.C. §1331 with federal questions involving Title VII. An express grant of federal court jurisdiction over this federal claim is found in Title VII at 42 U.S.C.§2000e-5(f)(3).

2. Defendant, ADVENTIST HEALTH SYSTEM/SUNBELT, INC. conducts business in Orlando, Orange County, Florida.

3. Defendant was an employer as defined by the laws under which this action is brough and employs greater than 15 employees.

4. The acts and omissions giving rise to this action occurred in Orlando, Orange County, Florida.

5. This Court has jurisdiction over this complaint pursuant to 28 U.S.C. §1331 and has subject matter jurisdiction over Plaintiff's state law claims.

6. This is an action at law raising a federal question under federal law.

7. The Plaintiff's claims arise under the laws of the United States. Venue is proper pursuant to 28 U.S.C. § 1391.

8. Additionally, the events giving rise to this action occurred within this District.

9. Therefore, venue is proper because the illegal conduct occurred within the judicial district in and for this District.

## **STATUTORY PREREQUISITES**

10. Plaintiff was a member of a class of individuals protected by Title VII, the PDA, and the FCRA because, at all times material to the allegations herein, Plaintiff experienced discrimination based on her pregnancy.

11. Plaintiff was qualified for her position as a Medical Assistant.

12. The Defendant meets the statutory criteria for coverage as an "employer" under Title VII, the PDA, and the FCRA.

13. Plaintiff meets the statutory criteria for coverage as an "employee" under Title VII, the PDA, and the FCRA.

14. On or around June 29, 2022, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC").

15. On September 18, 2023, the EEOC issued a notice of right to sue.

16. Plaintiff filed this lawsuit within ninety (90) days of receipt of her notice of right to sue.

17. Accordingly, Plaintiff has exhausted all administrative requirements set forth by Title VII, the PDA, and the FCRA.

18. Plaintiff has satisfied all administrative prerequisites to perfect her claim.

## PARTIES

19. Plaintiff began performing work for Defendant beginning on December 7, 2020.

20. Plaintiff was employed with Defendant in Orlando, Orange County, Florida.

21. Defendant is a Florida not for profit corporation operating as a multi-specialty medical group practice consisting of approximately 4,000 employees, including physicians, advanced practice providers, residents, fellows, faculty members, and clinical and support staff providing patients with a broad range of medical and surgical services and continuum of care, including but not limited to the location where Plaintiff was employed.

22. Defendant employs more than fifty (50) employees.

23. Defendant employs more than fifty (50) employees within 75 miles of Orlando, Florida.

24. Plaintiff was an "employee" as defined by the FMLA.

25. Defendant is an "employer" as defined by the FMLA.

26. Plaintiff was an "employee" as defined by the FCRA.

27. Defendant is an "employer" as defined by the FCRA.

## FACTUAL ALLEGATIONSS

28. Plaintiff was employed with Defendant from approximately December 7, 2020, through March 22, 2022.

29. At the time of her unlawful termination, Plaintiff was employed as a Medical Assistant for Defendant.

30. At all times material, Plaintiff was praised for the consistent accuracy of her work product and performed well while working for the Defendant.

31. Plaintiff was employed with Defendant for more than one (1) calendar year leading up to November 2021.

32. Plaintiff worked at least 1,250 hours for Defendant during the year immediately preceding November 2021.

33. At all times material, Plaintiff suffered from a serious medical condition for which she was undergoing treatment.

34. On or around July 2021, Plaintiff learned she was six weeks pregnant and promptly notified her employer.

35. On or around November 2021, Plaintiff contacted Human Resources to begin the process for maternity and FMLA leave.

36. However, she was informed that there was no paperwork to complete.

37. At that time, Plaintiff was seven months pregnant.

38. Accordingly, Plaintiff contacted the HR department and inquired about what she would need to do for her maternity leave.

39. Plaintiff was again advised that she did not need to turn in any paperwork and that there is no approval for her to begin maternity leave and that all she had to was to provide them with the dates that she would be on leave.

40. Consistent with these instructions, Plaintiff began her leave on January 24, 2022, and she gave birth on February 10, 2022.

41. Plaintiff's doctor also completed the medical documentation on February 7, 2022, and provided this documentation to Advent that same day.

42. On March 22, 2022, Plaintiff was terminated from Advent.

43. Defendant was aware that Plaintiff had timely and properly requested FMLA for her own medical condition.

44. Defendant was aware that Plaintiff's treating physician had submitted the necessary documentation for Defendant to process Plaintiff's request for FMLA leave.

45. Plaintiff was eligible for FMLA leave for her own medical condition.

46. Defendant did not properly advise Plaintiff of her rights under the FMLA.

47. Defendant interfered with Plaintiff's rights under the FMLA.

48. Prior to needing FMLA leave for her own medical condition, Plaintiff had no recent performance or discipline related issues while working for the Defendant.

49. Accordingly, Defendant's actions are *direct* evidence of bias against Plaintiff for utilizing her FMLA rights.

50. Defendant's actions interfered with Plaintiff's rights under the FMLA.

51. Defendant retaliated against Plaintiff for attempting to engage in her rights under the FMLA.

52. Defendant also discriminated against Plaintiff because of her ADAAA qualifying disability.

## COUNT I
## PREGNANCY DISCRIMINATION UNDER THE PREGNANCY DISCRIMINATION ACT AND TITLE VII

53. Plaintiff re-alleges and adopts the allegations of paragraphs 1-51 above as if fully set forth herein.

54. Defendant discriminated against Plaintiff based on her pregnancy.

55. Defendant engaged in unlawful employment practices prohibited by Title VII by discriminating against Plaintiff as set forth above.

7

56. Defendant engaged in unlawful employment practices prohibited by the Pregnancy Discrimination Act by discriminating against Plaintiff as set forth above.

57. Defendant knew or should have known of the discrimination and unlawful targeting of Plaintiff.

58. Based on the conduct described in this Complaint, Defendant is liable for discrimination in violation of the Pregnancy Discrimination Act and Title VII.

59. The above discrimination was done by Defendants with a reckless disregard for Plaintiff's rights under federal law. As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, great expense and loss of enjoyment of life.

**WHEREFORE**, Plaintiff prays for a trial by jury and all legal and equitable relief allowed by law including:

   a.   Back pay and benefits;

   b.   Interest on back pay and benefits;

   c.   Front pay and benefits;

   d.   Compensatory damages for emotional pain and suffering;

  e.  Injunctive relief;

  f.  Prejudgment interest;

  g.  Costs and attorney's fees; and

  h.  Such other relief as the Court may deem just and proper.

## COUNT II
## DISABILITY DISCRIMINATION IN VIOLATION OF THE FCRA

60. Plaintiff re-alleges and adopts the allegations of paragraphs 1-52 above as if fully set forth herein.

61. Plaintiff brings this cause of action pursuant to Section 760.07, F.S.

62. Plaintiff is a member of a protected class because she suffers from disabling medical conditions.

63. At all material times, Plaintiff was qualified to perform her job duties.

64. Plaintiff was treated less favorable than similarly situated non-disabled employees.

65. Defendants discriminated against Plaintiff because of her disabilities.

66. Plaintiff was also subjected to the adverse employment action of having her hours reduced and being terminated.

67. The acts of Defendants, by and through their agents and employees, violated Plaintiff's rights against discrimination under the FCRA because they treated Plaintiff less favorably because of her disabilities.

68. Defendant does not have a legitimate, non-discriminatory reason for firing Plaintiff.

69. The conduct of Defendants and its agents and employees, proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

70. The conduct of Defendants was so willful and wanton, and in such reckless disregard of the statutory rights of the Plaintiff, as to entitle her to an award of punitive damages against Defendants, to deter Defendants, and others, from such conduct in the future.

71. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to the FCRA.

72. Plaintiff has no plain, adequate, or complete remedy at law for the actions of Defendant which have caused, and continue to cause, irreparable harm.

**WHEREFORE**, Plaintiff prays for a trial by jury and all legal and equitable relief allowed by law including:

  a. Back pay and benefits;

  b. Interest on back pay and benefits;

  c. Front pay and benefits;

  d. Compensatory damages for emotional pain and suffering;

  e. Injunctive relief;

  f. Prejudgment interest;

  g. Costs and attorney's fees; and

  h. Such other relief as the Court may deem just and proper.

## COUNT III
## RETALIATION IN VIOLATION OF THE FCRA

73. Plaintiff re-alleges and adopts the allegations of paragraphs 1-52 above as if fully set forth herein.

74. Plaintiff brings this cause of action pursuant to Section 760.07, F.S.

75. Plaintiff is a member of a protected class because she suffers from disabling medical conditions.

76. At all material times, Plaintiff was qualified to perform her job duties.

77. Plaintiff was subjected to the adverse employment action of having her hours reduced and being terminated.

78. Defendants retaliated against the Plaintiff for requesting

reasonable accommodations due to her disabilities.

79. The acts of Defendants, by and through their agents and employees, violated Plaintiff's rights against retaliation under the FCRA because they treated Plaintiff less favorably because of her disabilities.

80. Defendants do not have a legitimate, non-discriminatory reason for firing Plaintiff.

81. The conduct of Defendants and its agents and employees, proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

82. The conduct of Defendants was so willful and wanton, and in such reckless disregard of the statutory rights of the Plaintiff, as to entitle her to an award of punitive damages against Defendants, to deter Defendants, and others, from such conduct in the future.

83. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to the FCRA.

84. Plaintiff has no plain, adequate, or complete remedy at law for the actions of Defendants which have caused, and continue to cause, irreparable harm.

**WHEREFORE**, Plaintiff prays for a trial by jury and all legal and

equitable relief allowed by law including:

    a.    Back pay and benefits;

    b.    Interest on back pay and benefits;

    c.    Front pay and benefits;

    d.    Compensatory damages for emotional pain and suffering;

    e.    Injunctive relief;

    f.    Prejudgment interest;

    g.    Costs and attorney's fees; and

    h.    Such other relief as the Court may deem just and proper.

## **COUNT IV**
## **RETALIATION UNDER THE FMLA**

85. Plaintiff re-alleges and adopts the allegations of paragraphs 1-52 above as if fully set forth herein.

86. Plaintiff was, at all times relevant, eligible for FMLA-covered leave.

87. Defendant was Plaintiff's employer as defined by the FMLA.

88. Defendant discriminated and retaliated against Plaintiff because Defendant knew she was eligible for leave under the FMLA.

89. Defendant discriminated and retaliated against Plaintiff because Plaintiff attempted to exercise her rights under the FMLA.

90. Defendant had actual or constructive knowledge of the discriminatory/retaliatory conduct of its representative(s).

91. Defendant's acts and omissions negatively affected one or more terms, conditions, and/or privileges of Plaintiff's employment.

92. Defendant's discriminatory and retaliatory acts and omissions occurred, at least in part, because of Plaintiff's request for FMLA-covered leave.

93. Defendant's conduct violated Plaintiff's right to be free from discrimination and retaliation as guaranteed by the FMLA.

94. As a direct, natural, proximate and foreseeable result of the actions of Defendant, Plaintiff has suffered injuries for which she is entitled to compensation, including, but not limited to lost wages and benefits, future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary losses.

95. Plaintiff has no plain, adequate or complete remedy at law for the actions of Defendant, which have caused and continue to cause irreparable harm.

96. Defendant's violations of the FMLA were willful.

97. Plaintiff is entitled to recover her attorneys' fees and costs pursuant to 42 U.S.C. § 2617(a)(3).

**WHEREFORE**, Plaintiff prays for a trial by jury and all legal and

equitable relief allowed by law including:

    a. Back pay and benefits;

    b. Interest on back pay and benefits;

    c. Front pay and benefits;

    d. Compensatory damages for emotional pain and suffering;

    e. Injunctive relief;

    f. Prejudgment interest;

    g. Costs and attorney's fees; and

    h. Such other relief as the Court may deem just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury of all issues so triable.

Dated: December 11, 2023

Respectfully submitted,

*/s/Anthony J. Hall*
Anthony J. Hall, Esq.
FL Bar No. 40924
THE LEACH FIRM, P.A.
1560 N Orange Avenue, Suite 600
Winter Park, FL 32789
Telephone: (407) 574-4999
Facsimile: (321) 594-7316
Email: ahall@theleachfirm.com
Email: aperez@theleachfirm.com
***Attorneys for Plaintiff***